OPINION -
Judge MANNHEIMER,
writing for the Court and writing a separate concurrence m which J udge ALLARD joing.
Frederick A Pitka was arrested for driving under the influence. Following Pltkas arrest, officers at the scene searched the ashtray of his car (without a warrant), and discovered a bindle of cocaine. Based on the discovery of this cocaine, Pltka was indicted for, and later convicted of, fourth-degree controlled substance misconduct, (He .was also convicted of driving under the influence. )
In this appeal, Pitka claims that the search of the car ashtray was unlawful, that the bindlé of cocaine found in the ashtray should have been suppressed, and that his drug conviction should therefore be reversed. For the reasons explained in this opinion, we agree with Pitka that the search of his car ashtray was unlawful, and we therefore reverse his drug conviction. - . ,
Underlying facts .
In January 2011, a Fairbanks pohce officer observed a car stopped in the middle of a street, parked at an angle so that it blocked both lanes of traffic. The passenger door of the car was open, and there was a man standing in the street who was leaning into the car through the open passenger door
The police officer believed that he was observing a drug transaction, so he activated his overhead lights, When the officer activated hlS lights, the pedestrian quickly put his hands into his coat pockets and fled (Jumplng over three fences to make his escape). The car also drove away from the scene, but other officers soon stopped thecar.
~The driver of the car was Frederick Pitka, During the police contact with Pitka, officers smelled a strong odor. of alcohol on Pitka's *400 breath, and they observed that his eyes were bloodshot and watery, and that he was unstable on his feet. Pitka performed poorly on various field sobriety tests, and Pitka admitted that it probably was not safe for him to be driving. After a portable breath test showed that Pitka had a blood aleohol level of 168 percent, Pitka was arrested for driving under the influence.
Pitka's passenger told the police that she and Pitka had purchased and smoked marijuana earlier that evening. In addition, Pitka was behaving erratically: he exhibited mood swings ranging from calm co-operation to agitation. This led the police to believe that Pitka was not 'only' under the influence of aleohol, but also under the influence of some other substance. -
The police had a drug-sniffing dog, and they directed the dog to walk around Pitka's car, The dog alerted to the presence of drugs. After the dog alerted, the police searched the interior of Pitka's car. During this search, the police opened the car's ashtray and found a bindle of cocaine, Pitka admitted the cocaine was his,
Pitka was charged with fourth-degree controlled substance misconduct and driving under the influence of alcohol and/or controlled substances.[1]
After Pitka was charged with these crimes, he filed a motion to suppress the cocaine found in his vehicle's ashtray (as well as the statements he made about this cocaine to the officers at the scene). The superior court upheld the search of the ashtray under the theory that the police had probable cause to arrest Pitka for driving under the influence of controlled substances, and that the search of the ashtray was a valid search incident to Pitka's arrest. -
After the superior court denied his suppression motion, Pitka consented to a bench trial, and the court found him guilty. Pitka now appeals.
Why we conclude that the search of the ashtray was ilegal under Alaska law
As we just explained, the superior court upheld the search of the ashtray under the theory that it was a valid search incident to arrest. Pitka challenges the superior court's ruling on two bases.
Pitka's first challenge to the superior court's ruling is based on the Fourth Amendment to the United States Constitution. Pitka argues that the police lacked probable cause to arrest him for any drug-related erime, and that therefore the police had no authority to conduct any search of his car. See Arizona v. Gant, where the United States Supreme Court held that, under the Fourth Amendment, the search of the interior of a vehicle incident to the driver's arrest is lawful only (1) to prevent an unsecured arrestee from gaining access to a weapon or to destructible evidence, or (2) when the police have reason to believe that the vehicle might contain evidence relevant to the crime for which the driver is being arrested.[2]
We reject this argument because we conclude that, under the cireumstances, the police did have probable cause to arrest Pit-ka for a drug offense.
When the police first observed Pitka's car, it was illegally parked across two lanes of traffic. A man was standing in the street next to the car, and he was apparently conducting a drug transaction with the occupants of the vehicle. When. the officer activated his patrol car's overhead lights, this man fled, and the car drove away.
A few minutes later, when other officers stopped Pitka's car, Pitka was behaving erratically-exhibiting mood swings which, according to the testimony, suggested that Pitka was under the influence of some substance besides alcohol. In addition, Pitka's passenger told the police that she and Pitka had purchased and smoked marijuana earlier that evening. Finally, a drug-detecting *401 police dog alerted to the presence of drugs in Pitka's car.
These facts, viewed objectwely, gave the police probable cause to believe that Pitka was driving under the influence of both alcohol and a controlled substance-as well as reason to believe that drugs might be found in Pitka's vehicle. We therefore conclude that the police did not violate the Fourth Amendment when they searched the interior of the car (including the ashtray) for evidence of a drug offense.
Pitka's second challenge to the superior court's ruling is based on the search and seizure provision of the Alaska Constitution (Article I, Section 14).
The Alaska Supreme Court has interpreted our state constitution to impose greater restrictions on police searches of vehicles incident to arrest, Under Alaska law, when the police arrest the driver of a vehicle and no exigent circumstances exist-i.e., when there is no immediate threat to officer safety, and no immediate risk that evidence will be destroyed or removed from the vehicle-the police may not search closed containers within the vehicle unless (1) the container was within the arrestee's immediate control at the time of the arrest, and (2) the container is large enough to contain evidence of the crime for which the person is being arrested, and (8) the container is of a type "immediately associated with the person" of the arres-tee.[3] Unless all three of these conditions are met, the police must obtain a warrant to search the closed container.
In Pitka's case, the superior court found that the first two conditions were met, and the testimony presented to the superior court supports these findings, The ashtray was within Pitka's immediate control at the time of his arrest: it was located next to the steering wheel, and it was readily accessible from the driver's seat, And the ashtray was large enough to contain drugs or other evi-denee of drug possession.
But the superior court failed to cons1der the third requirement imposed by Alaska law: whether the car ashtray was the type of container "immediately associated with [Pit-ka's] person".
This third requirement was first applied by the Alaska Supreme Court in Hinkel v. Anchorage[4] In Hinkel, the supreme court held that, incident to an arrest, the police could search an arrestee's purse because purses are often carried on the person, and because purses serve the same function as pockets.[5] The court reasoned that the search of this type of container did. not involve "any greater reduction in the arrestee's expectations of privacy than that caused by the arrest itself," [6]
More recently, in Crawford 0 State, [7] the supreme court held that the center console of a vehicle is a container that is "immediately associated with the person" of the driver because the center console normally serves the same purpose as a pocket: -it is "commonly used to hold money, a cellular telephone, and personal hygiene items," [8]
In Pitka's case, the State contends that the reasoning of Crawford applies equally to an ashtray that is built into a vehicle, because such ashtrays are" capable of holding small personal 1tems
But as we recently explamed in our unpublished opinion in Jarnig v. State,[9] the fact that a container inside a vehicle is capable of holding personal items does not'answer the question of whether that container is "immediately associated with the person" of the driver, The police are not allowed to simply assume that the container is "immediately associated with the person" of the ar-restee on the basis that it could hold small personal items. Rather, before the police *402 search the container without a warrant, the police must have some. articulable basis for believing that the container is generally used, or is actually bemg used in that particular instance, to store items that would normally be kept in a pocket or a purse.[10]
Any other rule would subject virtually ey-ery container in a vehicle to warrantless searches incident to the driver's arrest, without the State having to prove that there were exigent cireumstances to justify these war-rantless searches. We do not think our supreme court intended this result when the court decided Crawfdfrd
-In Pitka's case, the container at issue is a built-in ashtray. The intended function of an ashtray is to serve as the repository for cigarette ashes and butts. The State presented no evidence that vehicle ashtrays are generally used as containers for small personal items. Nor did the police have any case-specific indication (until they performed the warrantless search) that Pitka was using his vehicle ashtray for this alternative purpose.
The State argues that it was Pitka's burden to show that ashtrays in vehicles are not commonly used to store personal items-and that Pitka failed to carry that burden in the supenor court, But the State's argument con-travencs the well-settled principle that the State bears the burden of justifying a war-rantless search or seizure.[11]
Because the record fails to support a finding that Pitka's vehicle ashtray was a container that was "immediately associated with [his] person", we conclude that the superior court should have granted Pitka's motion to suppress the bindle of cocaine found during the warrantless search of the ashtray (as well as Pitka's associated statements to the police).
. Conclusion
Pitka's conviction for fourth-degree controlled substance misconduct (possession of cocaine) is REVERSED. (Pitka does not challenge the validity of his conviction for driving under the influence.)

. AS 11.71.040(a)(3)(A) and AS 28.35.030(a), respectively.

. 556 U.S. 332, 335, 343, 129 S.Ct. 1710, 1714, 1719, 173 L.Ed.2d 485 (2009). See also Davis v. United States, 564 U.S, 229, 234-35, 131 S.Ct. 2419, 2425, 180 L.Ed.2d 285 (2011) (summarizing the holding in Gant).

. See Crawford v. State, 138 P.3d 254, 258-261 (Alaska 2006). See also Hinkel v. Anchorage, 618 P.2d 1069, 1070-71 (Alaska 1980); Jarnig v. State, 309 P.3d 1270, 1275 (Alaska App. 2013).

. 618 P.2d 1069 (Alaska 1980).

. Hinkel, 618 P.2d at 1070-71.

. Id. at 1072, quoting United States v. Berry, 560 F.2d 861, 864 (7th Cir. 1977).

. 138 P.3d 254 (Alaska 2006),

, Id. at 260.

. 2015 WL 1137656 (Alaska App. 2015).

. Jarnig, 2015 WL 1137656 at "2-3.

. Chilton v. State, 611 P2d 53, 55 (Alaska 1980); Jarnig v. State, 309 P.3d 1270, 1274 (Alaska App. 2013).